OPINION
Carroll W. Williams ("Mr. Williams") appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which overruled his motion to terminate spousal support, formerly known as alimony or sustenance alimony.
The facts and procedural history are as follows.
Mr. Williams and Crystal A. Williams ("Mrs. Williams") were divorced on August 26, 1986 after twenty years of marriage. The decree of divorce incorporated a separation agreement in which the parties had agreed to the following provisions:
 1. Husband shall pay to Wife as permanent alimony, Four Hundred Dollars ($400.00) per month commencing May 1, 1986, to Wife, continuing until May 1, 1990. * * *
 2. From May 1st, 1990, until Wife's death, Wife shall receive Two Hundred Dollars ($200.00) per month. All payments commencing May 1, 1986, made to Wife by Husband for purpose of alimony shall be subject to any cost of living increase as the same are issued to the Husband.
* * *
 15. Each party hereto shall freely sell and dispose of his/her property by deed, gift, or last will and testament, and each party is by these presents hereby barred from any and all claims or rights of alimony, dower, inheritance, dissent and distribution, allowance for a year's support, right to remain in the mansion house, and any and all claims as widower, widow, heir, distributee, survivor, next of kin, and any and all rights or claims whatsoever in or to the estate of the other, whether real or personal, or whether now owned or hereinafter accrued by virtue of the marriage relationship of the parties.
Mr. Williams apparently paid spousal support in accordance with these provisions until June 1, 1996, when he experienced a change in his military retirement benefits.
Mr. Williams filed a Motion for Cessation of Spousal Support on August 8, 1996. In his motion, Mr. Williams alleged several changes in circumstances, including his diagnosis with cancer, his chemotherapy treatment, and the loss of his job due to a plant closing. Mr. Williams also claimed that he no longer received retirement pay from the Air Force.
Mrs. Williams deposition was taken and filed, and Mr. Williams testified at a hearing before a magistrate. Following the hearing, the magistrate found that the trial court lacked jurisdiction to modify or terminate the award of spousal support because such jurisdiction had not been specifically reserved in the divorce decree as required by R.C. 3105.18(E). The trial court overruled Mr. Williams' objections and adopted the magistrate's decision.
Mr. Williams asserts three assignments of error on appeal.
 I THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING IT LACKED APPROPRIATE JURISDICTION TO MODIFY THE SPOUSAL SUPPORT OBLIGATION, WHEN THE DIVORCE AGREEMENT IN TOTALITY ALLOWS FOR THE MODIFICATION (INCREASE) OF SPOUSAL SUPPORT.
Mr. Williams claims that the trial court erred in determining that it lacked jurisdiction to modify or terminate spousal support.
R.C. 3105.18(E) requires a trial court to reserve jurisdiction over the issue of spousal support expressly. It provides, in pertinent part:
 If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, * * * the court that enters the decree of divorce of dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony * * * unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony * * *.
Mr. Williams asked the trial court to infer that the separation agreement provided for continuing jurisdiction because it allowed for future increases in spousal support based on cost of living adjustments. He also contended that any ambiguity about continued jurisdiction must be construed against Mrs. Williams, whose attorney drafted the separation agreement, and that "[w]ithout any language to rebut the indication that modification could occur, the document clearly provides for the continuing jurisdiction of the court."
Mr. Williams' position contradicts the plain language of R.C.3105.18(E), which requires "a provision specifically authorizing the court to modify" spousal support. This language precludes the trial court from inferring continued jurisdiction from other provisions in the agreement, from the "totality" of the agreement, or from the agreement's silence on that issue where such a provision is not plainly stated. The Williams' separation agreement simply does not include the type of language required by R.C. 3108.18(E). Furthermore, we are unpersuaded by Mr. Williams' argument that Mrs. Williams unfairly "wants the court to read the agreement to her advantage on both sides of the coin," i.e., she wants the court to have jurisdiction to increase spousal support, but not to decrease it. The separation agreement demonstrates that the parties agreed to increase spousal support under a specified condition, i.e., if and when Mr. Williams received cost of living increases, but made no provision for decreasing spousal support below $200 per month. Having agreed to these provisions, Mr. Williams cannot now complain about their unfairness.
The first assignment of error is overruled.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE CONTINUATION OF SPOUSAL SUPPORT, WHEN THE AGREEMENT STATES THAT "EACH PARTY IS BY THESE PRESENTS HEREBY BARRED FROM ANY AND ALL CLAIMS OR RIGHTS OF ALIMONY. . . ."
Mr. Williams contends that paragraph fifteen of the separation agreement, which states that "the parties are barred from any and all claims of alimony," creates an ambiguity when read in conjunction with the spousal support provisions. Mr. Williams asserts that this ambiguity must be construed in his favor so as to free him from any spousal support obligation because the separation agreement was drafted by Mrs. Williams.
Read in context, it is apparent that paragraph fifteen is a general, "catch-all" provision designed to preclude any additional future claims by one spouse against the other or the other's estate. In light of the more specific spousal support provisions found in paragraphs one and two, the reference to alimony in paragraph fifteen cannot reasonably be interpreted to free Mr. Williams of all spousal support obligations. Rather, paragraph fifteen, a general provision, is subject to the more specific provisions contained in the separation agreement.
The second assignment of error is overruled.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE CONTINUATION OF SPOUSAL SUPPORT, WHEN IT FOUND THAT THE SOURCE OF THE SPOUSAL SUPPORT WAS TO BE DERIVED FROM AN AIR FORCE RETIREMENT TO [SIC] WHICH HAS CEASED TO PROVIDE APPELLANT WITH ANY BENEFITS OR MONEY.
Mr. Williams claims that the language in paragraph two of the separation agreement referring to "cost of living increase[s] * * * issued to the Husband," along with the magistrate's recognition that the parties' anticipated that the spousal support would come from Mr. Williams' retirement benefits, demonstrates that spousal support was conditioned upon his continued receipt of those benefits. Mr. Williams' Air Force retirement benefits ceased in May 1996, at which time he began to receive benefits from the Veterans Administration. Mr. Williams admitted at the hearing that the amount he receives from the Veterans Administration exceeds his previous retirement pay, but noted that, with the loss of his job, his total income had nonetheless declined.
Mr. Williams' argument that his spousal support obligation should have terminated when his Air Force retirement benefits ceased is without merit. The parties provided for a conditional increase in the spousal support obligation based on cost of living adjustments. The inclusion of such a provision cannot reasonably be interpreted to make the entire spousal support scheme subject to future modification or termination for reasons unrelated to that condition. Mr. Williams' interpretation of the agreement would have required the trial court to insert a material term upon which the parties had not agreed, i.e., that Mr. Williams' spousal support obligation was conditioned upon his continued receipt of Air Force retirement benefits, and to ignore the unequivocal provision that Mrs. Williams was to receive spousal support until her death. Moreover, the plain language of the agreement in no way conditions spousal support upon Mr. Williams' continued receipt of Air Force retirement benefits. If the parties had agreed that the monies for spousal support were to come from a particular source, and only that source, then the language of the agreement should have been explicit on that point. It was not, and the trial court could not have reasonably inferred such a condition. We also note that, by Mr. Williams' own admission, his total military benefits have actually increased, not decreased, although they now come from a different source. Having admitted this fact at the hearing, Mr. Williams incorporated the loss of his job to show that his total income had decreased. Under this rationale, it was actually the loss of his job, and not a decrease in retirement benefits, upon which Mr. Williams relied in attempting to reduce the spousal support award. There is no provision in the separation agreement for a reduction or termination based upon Mr. Williams' loss of employment.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and GRADY, J., concur.
Copies mailed to:
Stephen M. McHugh
James R. Kirkland
Hon. Charles A. Lowman